IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil No. 5:16-cv-00251-BO

| | |
|---|---|
| GRANGER MARTIN, SR., <br><br>　　　　　Plaintiff, <br><br>v. <br><br>TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., WELLS FARGO BANK, N.A., MERCEDES-BENZ FINANCIAL SERVICES USA LLC, and BANK OF AMERICA, N.A., <br><br>　　　　　Defendants. | **DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to Plaintiff's Complaint ("Complaint") filed by Granger Martin, Sr. ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in Plaintiff's Complaint to the extent possible.

## **JURISDICTION**

1. Trans Union admits that Plaintiff has asserted claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint as they relate to Trans Union.

2. Trans Union admits that jurisdiction is proper in this Court.

## **VENUE**

3. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and, therefore, denies same.

4. Trans Union admits that venue is proper in the Eastern District of North Carolina. Trans Union denies the remaining allegations contained in paragraph 4 of the Complaint. Trans Union may seek a transfer of this action pursuant to 28 USC 1404.

**PARTIES**

5. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and, therefore, denies same.

6. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is registered to do business within the State of North Carolina. Trans Union admits that it is a "consumer reporting agency" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

8. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies same.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

## GENERAL ALLEGATIONS

11. Trans Union restates and incorporates its responses to paragraphs 1 through 10 above as though fully stated herein.

12. Trans Union admits that Bank of America is reporting account #488893299829XXXX with a past due balance of $1,867.00, on Plaintiff's Trans Union credit disclosure. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union admits that Wells Fargo Dealer Services is reporting account #51769008XXXX with a pay status of "Charged Off." Trans Union denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Trans Union admits that MB Financial Services is reporting account #102456XXXX with a pay status of "Charged Off." Trans Union denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and, therefore, denies same.

16. Trans Union denies the allegations contained in paragraph 16 of the Complaint.

17. Trans Union denies the allegations contained in paragraph 17 of the Complaint.

18. Trans Union denies the allegations contained in paragraph 18 of the Complaint.

19. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, including all subparts, and, therefore, denies same.

20. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union admits that on June 19, 2015, it received, reviewed, and considered correspondence from Plaintiff disputing Bank of America account #4888893299829XXXX. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Trans Union admits that it sent Bank of America Plaintiff's dispute. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Trans Union admits that on February 8, 2016, it received, reviewed, and considered correspondence from Plaintiff disputing Bank of America account #488893299829XXXX, and enclosing a copy of a Dunn Police Department Incident/Investigation Report. As to the other Defendants, Trans Union is without information

or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and, therefore, denies same.

25. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and, therefore, denies same.

26. Trans Union admits that on February 10, 2016, it sent Plaintiff the reinvestigation results showing Bank of America account #488893299829XXX was deleted.

27. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint and, therefore, denies same.

28. Trans Union admits that on February 17, 2016, Trans Union sent a copy of reinvestigation results from Bank of America requesting account #488898299829XXXX to be reinstated. Trans Union denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Trans Union admits that on March 4, 2016, it received, reviewed, and considered correspondence from Plaintiff disputing Bank of America account #488893299829XXXX and Wells Fargo Dealers Services account #51769008XXXX. Trans Union denies the remaining allegations contained in paragraph 29 of the Complaint. As to the other Defendant, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint and, therefore, denies same.

30. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Trans Union admits that on March 24, 2016, it sent Plaintiff the reinvestigation results.

32. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

## COUNT I
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (BANK OF AMERICA)

33. Trans Union restates and incorporates its responses to paragraphs 1 through 32 above as though fully stated herein.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, including all subparts, and, therefore, denies same.

37. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies same.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (BANK OF AMERICA)

40. Trans Union restates and incorporates its responses to paragraphs 1 through 39 above as though fully stated herein.

41. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and, therefore, denies same.

42. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, including all subparts, and, therefore, denies same.

43. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, including all subparts, and, therefore, denies same.

## COUNT III
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (WELLS FARGO)

45. Trans Union restates and incorporates its responses to paragraphs 1 through 44 above as though fully stated herein.

46. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

47. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies same.

48. To the extent the allegations contained in paragraph 48 of the Complaint are directed at Trans Union, Trans Union denies such allegations. As to the other Defendants, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and, therefore, denies same.

49. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and, therefore, denies same.

50. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies same.

51. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint, including all subparts, and, therefore, denies same.

## COUNT IV
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (WELLS FARGO)

52. Trans Union restates and incorporates its responses to paragraphs 1 through 51 above as though fully stated herein.

53. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint, including all subparts, and, therefore, denies same.

54. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, including all subparts, and, therefore, denies same.

55. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies same.

56. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and, therefore, denies same.

## COUNT V
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (MERCEDES-BENZ)

57. Trans Union restates and incorporates its responses to paragraphs 1 through 56 above as though fully stated herein.

58. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, including all subparts, and, therefore, denies same.

59. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, including all subparts, and, therefore, denies same.

60. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, including all subparts, and, therefore, denies same.

61. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, including all subparts, and, therefore, denies same.

62. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint, including all subparts, and, therefore, denies same.

63. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint, including all subparts, and, therefore, denies same.

### COUNT VI
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (MERCEDES-BENZ)

64. Trans Union restates and incorporates its responses to paragraphs 1 through 64 above as though fully stated herein.

65. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint, including all subparts, and, therefore, denies same.

66. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, including all subparts, and, therefore, denies same.

67. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint, including all subparts, and, therefore, denies same.

68. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, including all subparts, and, therefore, denies same.

## **COUNT VII**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(TRANS UNION)**

69. Trans Union restates and incorporates its responses to paragraphs 1 through 69 above as though fully stated herein.

70. Trans Union admits that on certain limited occasions it has prepared a consumer report regarding Plaintiff. Trans Union denies the remaining allegations contained in paragraph 70 of the Complaint.

71. Trans Union denies the allegations contained in paragraph 71 of the Complaint.

72. Trans Union denies the allegations contained in paragraph 72 of the Complaint.

73. Trans Union denies the allegations contained in paragraph 73 of the Complaint.

74. Trans Union denies the damage contained in paragraph 74 of the Complaint.

75. Trans Union denies the relief sought in paragraph 75 of the Complaint.

## COUNT VIII
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (TRANS UNION)

76. Trans Union restates and incorporates its responses to paragraphs 1 through 75 above as though fully stated herein.

77. Trans Union admits that on certain limited occasions it has prepared a consumer report regarding Plaintiff. Trans Union denies the remaining allegations contained in paragraph 77 of the Complaint.

78. Trans Union denies the allegations contained in paragraph 78 of the Complaint.

79. Trans Union denies the allegations contained in paragraph 79 of the Complaint.

80. Trans Union denies the allegations contained in paragraph 80 of the Complaint.

81. Trans Union denies the damage contained in paragraph 81 of the Complaint.

82. Trans Union denies the relief sought in paragraph 82 of the Complaint.

## COUNT IX
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (EXPERIAN)

83. Trans Union restates and incorporates its responses to paragraphs 1 through 83 above as though fully stated herein.

84. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the Complaint, including all subparts, and, therefore, denies same.

85. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint, including all subparts, and, therefore, denies same.

86. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint, including all subparts, and, therefore, denies same.

87. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint, including all subparts, and, therefore, denies same.

88. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint, including all subparts, and, therefore, denies same.

89. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint, including all subparts, and, therefore, denies same.

## COUNT X
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## (EXPERIAN)

90. Trans Union restates and incorporates its responses to paragraphs 1 through 89 above as though fully stated herein.

91. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint, including all subparts, and, therefore, denies same.

92. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint, including all subparts, and, therefore, denies same.

93. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint, including all subparts, and, therefore, denies same.

94. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint, including all subparts, and, therefore, denies same.

95. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint, including all subparts, and, therefore, denies same.

96. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint, including all subparts, and, therefore, denies same.

Trans Union denies the relief sought in the Prayer paragraph of the Complaint, including subparts 1-12.

## **DEFENSES**

97. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

98. Trans Union alleges that any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

99. Trans Union, in compliance with the Fair Credit Reporting Act, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

100. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

101. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

102. Plaintiff failed to mitigate his alleged damages.

103. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of North Carolina.

104. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the court deems just.

This 9th day of June, 2016

Respectfully submitted,

/s/ Kelly S. Brown
**JOSEPH W. WILLIFORD**
N.C. Bar No. 10111
**KELLY S. BROWN**
N.C. Bar No. 37829
N.C. LR 83.1 Counsel
JWW@youngmoorelaw.com
KSB@youngmoorelaw.com
**YOUNG MOORE & HENDERSON, P.A.**
P.O. Box 31627
Raleigh, North Carolina 27622
(919) 861-5032
(919) 782-6753 Fax
*Counsel for Trans Union LLC*

# CERTIFICATE OF SERVICE

This is to certify that on June 9, 2016, a true and correct copy of the above and foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will serve the following counsel by CM/ECF:

Gary D. Nitzkin
gary@micreditlawyer.com
Michigan Consumer Credit Lawyers
22142 W Nine Mile Rd
Southfield, MI 48033
(248) 353-2882
(248) 353-4840 Fax
*and*
Edward Hallet Maginnis
emaginnis@maginnislaw.com
Asa Covington Edwards, IV
aedwards@maginnislaw.com
Magginis Law, PLLC
4801 Glenwood Ave, Suite 310
(919) 526-0450
(919) 882-8763 Fax
*Counsel for Plaintiff*

Andrew M. Labreche
alabreche@mcguirewoods.com
McGuireWoods, LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
704-343-2274
*Counsel for Bank of America, N.A.*

Caren D. Enloe
cenloe@smithdebnamlaw.com
Smith Debnam Narron Drake Saintsing &
Myers, LLP
4601 Six Forks Road, Suite 400
Post Office Box 26268
Raleigh, NC 27611
919-250-2000
Fax: 919-250-2124
*Counsel for Experian Information Solutions, Inc.*

Scott Elliot Bayzle
scottbayzle@parkerpoe.com
Parker Poe Adams & Berstein, LLP
P. O. Box 389
Raleigh, NC 27602
919-828-0564
Fax: 834-4564
*Counsel for Wells Fargo Bank, N.A.*

/s/ Kelly S. Brown
**KELLY S. BROWN**
N.C. Bar No. 37829
*Counsel for Defendant Trans Union LLC*
**YOUNG MOORE & HENDERSON, P.A.**
Post Office Box 31627
Raleigh, North Carolina 27622
E-mail: ksb@youngmoorelaw.com
Telephone: (919) 861-5094
Facsimile: (919) 782-6753

17

7979913.1/SP/83057/2273/060916
Case 5:16-cv-00251-BO   Document 31   Filed 06/09/16   Page 17 of 17